## OVERLAND SALES CO. OF NEW YORK v. KAUFMAN.

(Supreme Court, Appellate Term.   April 9, 1912.)

1. PLEADING (§ 129*)—ANSWER—ADMISSIONS BY FAILURE TO DENY.

Defendant's failure to deny allegations of the complaint, in an action as for goods sold and delivered, consisting of new parts for defendant's automobile, that plaintiff delivered certain goods to defendant at defendant's special instance and request, admitted the authority of defendant's agent, who received the goods, to do so.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec. Dig. § 129.*]

2. SALES (§ 33*)—IMPLIED CONTRACT—RIGHT OF ACTION.

The fact that defendant left his automobile in plaintiff's repair shop, and permitted repairs to be made thereon, together with his admission that the parts used in repairing were furnished at his special instance and request, made defendant liable therefor, on an implied promise to pay the value of such repairs, in an action for goods sold and delivered.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 60; Dec. Dig. § 33.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Overland Sales Company of New York against Benjamin H. Kaufman. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Benjamin F. Feiner (Nathan Ballin, of counsel), for appellant.
Horwitz & Wiener (Edwin Horwitz, of counsel), for respondent.

GUY, J.   The plaintiff appeals herein from a judgment in favor of defendant entered by direction of the court.  The action is brought to recover for goods sold and delivered, consisting of certain new parts for defendant's automobile, under the following circumstances:

Defendant's chauffeur brought defendant's automobile to the repair shop of the plaintiff and asked that certain repairs be made thereto. Plaintiff's manager called up defendant's office on the telephone, and had a conversation with some one over the telephone, whom he supposed to be defendant's manager.  In the colloquy over the telephone, the person at defendant's office asked that the repairs be made without charge, to which plaintiff's manager replied that that could not be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

done, as plaintiff had not sold the machine and had not participated in any way in the purchase or sale.

[1] It is contended by the defendant respondent that, there being no proof as to the authority of the chauffeur, or as to the authority of the person who, at defendant's office, talked over the telephone, no agreement has been established on the part of the defendant. This would undoubtedly be the correct view, but for the admissions contained in the pleadings. By his failure to deny the allegations in the second and fourth paragraphs of the complaint, the defendant has admitted that:

"The plaintiff delivered to the defendant certain goods, wares, and merchandise, and that said goods, wares, and merchandise were so delivered by the plaintiff to the defendant at the special instance and request of the defendant."

On the trial the defendant admitted the allegations of the third paragraph as to the reasonable value of said goods, wares, and merchandise. These admissions, in the light of the evidence as to the circumstances under which the goods, wares, and merchandise were delivered to defendant—i. e., that they were put into his machine by way of permanent repairs—make out in my judgment an implied promise to pay the value thereof, in the absence of any evidence as to any definite agreement to the contrary. Defendant is not in a position to contend that the repairs were made and the goods delivered under any different agreement. If the person who talked with plaintiff's manager over the telephone did not represent the defendant, then there was no notification to the plaintiff that defendant expected the repairs to be made without charge.

[2] If the person talking over the telephone did represent the defendant, then the suggestion that the repairs should be made without charge was immediately repudiated by plaintiff's manager; and the fact that defendant left his machine in plaintiff's repair shop thereafter, and permitted the repairs to be made, coupled with the admission that the goods were delivered at defendant's special instance and request, renders the defendant liable therefor on an implied promise to pay the value of such repairs. The pleadings should properly have been amended to conform to the proof in that regard, so as to eliminate all question of sufficiency. But, even without such amendment, it was error to direct a judgment in favor of the defendant.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.